## CREATION OF BONDED INDEBTEDNESS BY A MUNICIPALITY.

### Court of Appeals for Williams County.

### J. H. SCHIEBER, A TAX-PAYER, v. VILLAGE OF EDON ET AL.[*]

Decided, January 23, 1915.

*Municipal Corporations—Power to Issue Bonds Not Repealed by Limitation on the Taxing Power—Debt Creating Power Distinguished from Powers with Reference to Taxation.*

1. Section 3939, General Code, authorizing legislation by municipal councils for the issue of bonds for street improvements without a vote of the people, is not repealed by implication by Sections 5649-2, *et seq.*, fixing limitations with reference to taxation. *Rabe* v. *Board of Education*, 88 Ohio State, 403, distinguished.

2. The debt creating power which has been conferred upon municipalities is in nowise affected by the tax limitations which have been imposed, and an issue of bonds to meet the costs of street improvements will not be enjoined because not authorized by a vote of the people, where payment thereof can be made without violation of the tax limitation fixed by the Smith one per cent. law.

*R. L. Starr,* for plaintiff.
*C. A. Bowersox* and *Newcomer & Gebhard,* contra.

KINKADE, J.

Appeal from common pleas court.

The plaintiff brought an action in the court of common pleas to restrain the village of Edon from issuing bonds in the sum of

[*]Reversing *Schieber* v. *Village of Edon*, 18 N.P.(N.S.), 94.

$5,200, the proceeds of which were to be used to pay a portion of the cost of paving streets in the village of Edon.

The contention of the plaintiff is that the village council had no power or authority to issue these bonds without a vote of the people. There is no question of irregularity in the proceedings to which we need give any attention if it be found that the council had authority under the law to issue the bonds.

The claim of the village is that under Section 3939, General Code, and the following sections covering the same subject, the council had full power and authority to issue the bonds mentioned. On the other hand, the plaintiff contends that Section 3939, General Code, was repealed by implication by Sections 5649-2 to 5649-6, General Code. Counsel for plaintiff to sustain his position that Section 3939 has been repealed by implication, cites and relies upon the case of *Rabe* v. *Board of Ed.*, 88 Ohio St., 403. It is insisted that in all material respects Section 7629, General Code, relating to the power of school boards to issue bonds, is analogous to the like power conferred upon the village council in this case by Section 3939, General Code, and it is said that the authority thus conferred to issue obligations by the school board having been withdrawn by the repeal by implication of Section 7629 through the enactment of Sections 5649-2 and following, that a like result must be held here with respect to Section 3939. As has been well said by counsel for the village, we think this is a very marked difference between the scope of the power conferred upon school boards by Section 7629 and that conferred upon municipal councils by Section 3939, and, as has also been stated by counsel a careful examination of the Rabe case cited, will disclose that the court did not say that Section 7629, General Code, was repealed by implication. The court did say that Sections 7591 and 7592, General Code, were repealed by implication and added that Section 7630 necessarily fell with the other two, but the case will be searched in vain for a statement that Section 7629 was repealed by implication, and we think the omission of the court to so state is a significant fact. Section 7629, General Code, is a section conferring power on

school boards to issue bonds and corresponds with Section 3939, General Code, which is the section conferring upon municipal councils the power to issue bonds.

We think the point made by counsel for the village that there should be a clear distinction observed between the debt creating power conferred by statute and the limitations upon taxation provided by statute is well taken. This principle is ably discussed by the Supreme Court of Illinois in the case of *Coles Co.* v. *Goehring,* 209 Ill., 142, to which our attention has been called in the brief of counsel.

This case has been very fully and ably briefed by counsel on both sides with the whole history of the legislation touching every section involved set out in detail. We have examined these various enactments and given the subject the fullest attention possible. It does not seem that any useful purpose would be served by an extensive review of the various points to which our attention has been called. We will state only the conclusion at which we have arrived after a thorough consideration of the questions submitted and it is this: That Section 3939, General Code, in so far as it confers power upon the village council to issue these bonds, was not repealed by implication by Sections 5649-2, General Code, and the following sections upon the same subject, as shown by the latest amendments of these acts.

We think the evidence in the case shows that the legislation enacted by the village council with respect to this issue of bonds is in accord with the requirement of the Constitution with respect to the payment of the bonds by taxes to be levied and we see nothing to indicate that the village council may not cover the situation of payment without any violation of the statutory restrictions as to amounts that may be levied.

Repeals by implication not being favored, the claim of the plaintiff in this action that the provisions of Section 3939 are thus repealed can only be sustained if that section is found to be clearly repugnant to the later enactments of the Legislature. The provisions of Section 3939 are not necessarily in conflict with the later enactments of the Legislature with respect to the limi-

tation of tax levies.  There may be many cases in which that power can be exercised by municipal councils without any violation of other statutes as to limitation.

We hold, therefore, that the village council of Edon is clothed with power to issue the bonds in question without a vote of the people and that the plaintiff is not entitled to the restraining order prayed for, and such will be the decree of the court.

RICHARDS, J., and CHITTENDEN, J., concur.